IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID ALLEN CANNADY                                                    PLAINTIFF

V.                          CASE NO.: 5:16-CV-05039

SHERIFF KELLEY CRADDUCK;
DR. SAEZ; NURSE TYRANNY RAY;
NURSE PATRICIA DAVIS; B.
FRISCHMAN, Maintenance                                                 DEFENDANTS

OPINION AND ORDER

This is a civil rights action filed by the Plaintiff David Allen Cannady pursuant to 42 U.S.C. § 1983. Cannady proceeds *pro se* and *in forma pauperis*. He is currently incarcerated in the Grimes Unit of the Arkansas Department of Correction (ADC).

The case is currently before me on the Partial Motion to Dismiss (Doc. 8) filed by Separate Defendants Dr. Roberto Saez, Nurse Tyranny Ray, and Nurse Patricia Davis (the Medical Defendants). Specifically, the Medical Defendants seek dismissal of the official capacity claims against them. Cannady had not responded to the Motion.

I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), when Cannady was incarcerated in the Benton County Detention Center (BCDC), awaiting transfer to the ADC, the Medical Defendants denied him an intake physical, a tuberculosis (TB) test and/or other necessary tests, and housed him with inmates with contagious diseases. He also alleges the Medical Defendants failed to provide him with a safe, sanitary, and orderly jail and denied him adequate exercise and nutrition. As against all Defendants, Cannady

further alleges that he was subjected to unconstitutional conditions of confinement including filthy cells, an inadequate diet, the facility being too hot in the summer and cold in the winter, a lack of drinking water resulting in dehydration, a lack of space to exercise, no tuberculosis lights or censors, and being housed with inmates with contagious diseases.

As relief, Cannady seeks compensatory and punitive damages. He also asks for medical tests to be performed to see if he contracted any diseases.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Id.*, at 594. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (while *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

## III. DISCUSSION

The Medical Defendants maintain they are entitled to the dismissal of the official capacity claims because Cannady has not alleged facts sufficient to assert a plausible

claim that an official institutional policy or custom reflected deliberate indifference to his serious medical needs. The Medical Defendants are all employed by Southern Health Partners, Inc. (SHP), the contract medical care provider for the BCDC.

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Benton County has contracted with SHP to provide healthcare to County prisoners. For this reason, the official capacity claims are treated as claims against SHP. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Cannady has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). When asked to describe the custom or policy on the form complaint, he merely makes the conclusory statements that he was locked up with inmates with contagious diseases and subjected to unconstitutional conditions of confinement. Cannady has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final

authority in such matters." *Id.*

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id.* at 634 (internal quotation marks and citation omitted). Cannady has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.

## IV. CONCLUSION

The partial motion to dismiss (Doc. 8) filed by the Medical Defendants is **GRANTED**. The official capacity claims against the Medical Defendants are **DISMISSED**. Personal capacity claims against these Defendants, as well as the claims pending against the other Defendants, will remain for further resolution.

**IT IS SO ORDERED** on this 18th day of August, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE